IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ANTHONY ACCURSO | § | |
| v. | § | CIVIL ACTION NO. 5:16cv15 |
| WARDEN S. YOUNG, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Anthony Accurso filed this civil action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) complaining of an alleged denial of his right to practice his religion. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Defendants were served with process and filed a motion for summary judgment based on failure to exhaust administrative remedies, to which Plaintiff filed a response. After review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report recommending the motion for summary judgment be granted and the lawsuit dismissed without prejudice for failure to exhaust.

Plaintiff filed a response to the Report acknowledging the Magistrate Judge was correct. He also requested the Court to re-file his lawsuit and waive payment of a second $350.00 filing fee. Any re-filing of the lawsuit must be done by Plaintiff rather than by the Court. However, no statutory provision exists for the waiver of the filing fee upon a refiling of the lawsuit, even after a dismissal without prejudice.

A federal court order dismissing a case without prejudice means the order permits the initiation of a second action. Wright & Miller, Federal Practice & Procedure: Civil 2nd §2367 at

319 (1995); Committee for Effective Cellular Rules v. Federal Communications Commission, 53 F.3d 1309, 1318 (D.C. Cir. 1995) (dismissal with prejudice is commonly used "only to denote that no bar exists to refiling an application at the appropriate time and in the appropriate manner.") The U.S. District Court for the Eastern District of Louisiana has explained that "an order dismissing a case without prejudice does not allow the dismissed party simply to amend the complaint at any later date to correct the deficiencies; rather, the party must re-file the case, pay a new filing fee, and file a new complaint." Offbeat, Inc. v. Cager, civil action no. A-94-2796, 1997 WL 83140 (E.D. La., Feb. 26, 1997), *citing* Hickman v. U.G. Lively, 897 F.Supp. 955, 960 (S.D. Tex. 1995). This is consistent with Fifth Circuit precedent holding that a prisoner proceeding *in forma pauperis* is obligated to pay the full filing fee upon the filing of the complaint and no relief from an order directing payment of the fee should be granted for a voluntary dismissal. Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000); *see* Williams v. Roberts, 116 F.3d 1126, 1128 (5th Cir. 1997) (appellate filing fee is assessed at the moment the appeal is filed, regardless of whether the appeal is later dismissed).

Because Plaintiff did not object to any of the proposed findings or conclusions of the Magistrate Judge, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the record in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined the Report of the Magistrate Judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** the Report of the Magistrate Judge (docket no. 23) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The dismissal of this lawsuit shall not count as a strike for purposes of 28 U.S.C. §1915(g). It is further

**ORDERED** any and all motions which may be pending in this action, specifically including but not limited to the Plaintiff's request for the Court to re-file his lawsuit without assessing a filing fee in the new case, are **DENIED**.

**SIGNED this 7th day of March, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE